IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ORIGIN BANK F/K/A COMMUNITY TRUST BANK** | **PLAINTIFF** |
| V. | CIVIL ACTION NO.: 3:21-cv-61-TSL-MTP |
| **HAVEN CAMPUS COMMUNITIES - STARKVILLE, LLC, STEPHEN H. WHISENANT, JOHN. A. WILLIAMS, JR., WATKINS J. BLANE, JR., AND MARK BOUTWELL** | **DEFENDANTS** |

## COMPLAINT

Origin Bank *f/k/a* Community Trust Bank ("Origin Bank" or "Origin") files this Complaint seeking a judgment in its favor and against Defendants Haven Campus Communities – Starkville, LLC ("Haven-Starkville"), Stephen H. Whisenant ("Whisenant"), John A. Williams, Jr. ("Williams"), Watkins J. Blane, Jr. ("Blane"), and Mark Boutwell ("Boutwell") (collectively herein, the "Defendants") as follows:

1.  Plaintiff Origin Bank is a Louisiana banking corporation authorized to do business in the State of Mississippi. Origin Bank's principal place of business is located 500 South Service Road East, Ruston, Louisiana 71270.

2.  Defendant Haven-Starkville is a Georgia limited liability company that may be served with process through its registered agent Keith Campbell, 3284 Northside Parkway, NW, Atlanta, Georgia 30327, or upon executives or other authorized agent(s) or representative(s), wherever they may be found.

3.  Defendant Stephen H. Whisenant is an adult resident citizen of Fulton County, Georgia who may be served with process at 5495 Glen Errol Road, N.W., Atlanta, Georgia 30327 or wherever he may be found.

4. Defendant John A. Williams, Jr. is an adult resident citizen of Fulton County, Georgia and may be served with process at 4025 Tuxedo Road, NW, Atlanta Georgia, 30342 or wherever he may be found.

5. Defendant Watkins J. Blane, Jr. is an adult resident citizen of Fulton County, Georgia and may be served with process at 4550 Sentinel Post Road, NW, Atlanta, Georgia 30327 or where he may be found.

6. Defendant Mark Boutwell is an adult resident citizen of Forsyth County, Georgia and may be served with process at 7250 Laurel Oak Drive, Suwanee, Georgia 30024 or wherever he may be found.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Louisiana, and Defendants are resident citizens of the State of Georgia, and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims asserted herein occurred in the Southern District of Mississippi. Additionally, venue is proper herein because the parties agreed and consented to venue in this Court by the terms of the agreements entered into and executed by them which form the subject of the claims asserted by the Plaintiff herein.

**FACTUAL ALLEGATIONS**

9. On or about June 16, 2014, Haven-Starkville sought out and obtained from Community Trust Bank, now known as Origin Bank, from its State of Mississippi headquarters located in Ridgeland, Madison County, Mississippi, a commercial loan in the original principal amount of $18,615,081.00 (the "Loan") for the stated purpose of constructing and operating a student-housing facility on certain real property located in Starkville, Oktibbeha County, Mississippi (the "Property") to be known as "Haven on 12" and certain related improvements (hereafter, the "Project").

10. The Loan and terms agreed to by the parties for purposes of same are evidenced by, among other things, a certain *Construction Loan Agreement* entered into and executed by Haven-Starkville and Origin dated and effective June 16, 2014 (the "Loan Agreement"), a true and correct copy of which is attached hereto as "**Exhibit A**" and incorporated fully herein for all purposes.

11. Also in connection with the Loan, Haven-Starkville entered into and executed in favor of Origin a certain *Promissory Note* dated June 16, 2014 (the "Note"), by which Haven-Starkville promised and agreed to fully and timely repay and satisfy all indebtedness and obligations owed and to become owed to Origin in connection with the Loan and under the terms of the Note, Loan Agreement, and other documents executed or delivered in connection therewith. A true and correct copy of the Note is attached hereto as "**Exhibit B**" and incorporated fully herein by reference.

12. Also in connection with the Loan, Haven-Starkville executed and delivered to and for the benefit of Origin, among other things, a *Construction Deed of Trust, Assignment of Leases and Rents, and Security Agreement* dated June 16, 2014 (the "Deed of

Trust") and an *Assignment of Leases and Rents* dated June 16, 2014 (the "Assignment"), true and correct copies of which are attached hereto as collective "**Exhibit C**" and incorporated fully herein for all purposes.[1]

14. In connection with the Loan, Defendant Whisenant, Defendant Williams, Defendant Blane, and Defendant Boutwell (collectively, the "Guarantor Defendants" or the "Guarantors") entered into, executed and delivered to Origin a certain *Guaranty Agreement* dated and effective June 16, 2014 (the "Guaranty Agreement" or "Guaranty"), promising and agreeing absolutely and unconditionally to fully repay and satisfy all indebtedness and obligations owed and to become owed by Haven-Starkville to Origin in connection with the Loan including pursuant to the terms of the Loan Documents, as further provided by the terms of the Guaranty. A true and correct copy of the Guaranty Agreement is attached hereto as "**Exhibit D**" and incorporated fully herein by reference.

14. Pursuant to the terms of the Loan Documents, Haven-Starkville agreed to fully and timely repay all indebtedness and obligations owed and to become owed to Origin in connection with the Loan and pursuant to the terms of the Loan Documents in accordance with the terms, which indebtedness and obligations include but are not limited to the full repayment and satisfaction of all principal, accrued interest, and late fees and charges, as well as attorneys' fees, costs, and expenses and other costs and expenses as may be incurred by Origin in connection with the Loan, the Loan Documents, the collateral pledged as security therefor, and liens and security interests held by Origin in connection therewith, or the subjects thereof, at any time, as further provided by the

---

[1] The Note, Loan Agreement, Deed of Trust, Assignment and other agreements and instruments entered into and/or executed in connection with the Loan are sometimes referred to hereafter collectively as the "Loan Documents".

4

terms of the Loan Documents, including attorneys' fees, costs, and expenses incurred in connection with any attempted workouts and/or restructurings or amendments / modifications of the subject Loan, as well as all enforcement and collection efforts with respect to indebtedness and obligations owed to Origin related to or arising from same.

15. The terms of the Loan Documents require that Haven-Starkville timely make all required payments to Origin in accordance with and as provided by the terms of the Loan Documents, including the required payment due upon maturity of the Loan of all amounts remaining owed and outstanding to Origin thereunder.

16. The Guaranty Agreement requires the Guarantor Defendants to fully and timely pay and satisfy all indebtedness and obligations owed and to become owed by Haven-Starkville to Origin including pursuant to and in connection with the Loan and Loan Documents.

17. The Loan matured according to the terms of the Loan Documents on November 30, 2020 (the "Maturity Date" or "Maturity").

18. Haven-Starkville failed to remit the amounts due and owed to Origin upon Maturity of the Loan as required by the terms and conditions of the Loan Documents.

19. Haven-Starkville defaulted under the terms of the Loan Documents by, among other things, failing to timely remit the required payment due and owed to Origin upon Maturity of the Loan.

20. Origin provided notice to Haven-Starkville and the Guarantor Defendants of the default under the Loan and terms of the Loan Documents and made demand for payment and satisfaction of the amounts past due and owed to Origin in connection with the Loan, including by its letter dated December 23, 2020, a true and correct copy of which

is attached hereto as "**Exhibit E**" and incorporated fully herein by reference for all purposes.

21. Haven-Starkville and the Guarantor Defendants failed thereafter to repay and satisfy the indebtedness and obligations owed to Origin in connection with the Loan and pursuant to the terms of the Loan Documents and Guaranty, and the amounts owed to Origin by the Defendants under the terms of the Loan and Loan Documents, and pursuant to the terms of the Guaranty Agreement, remain unpaid and outstanding, and are past due and owed to Origin in full.

22. The indebtedness owed and outstanding to Origin by Haven-Starkville under the terms and conditions of the Loan and Loan Documents, and by the Guarantors under the terms and conditions of the Guaranty Agreement, includes (hereafter collectively, the "Indebtedness"): $16,260,678.00 as of December 31, 2020 ((A) $16,055,979.14 in principal; (B) $119,125.36 in accrued unpaid interest; and (C) $85,573.55 in attorneys' fees, costs, and expenses incurred by Origin in connection with the Loan, Loan Documents, and Guaranty; *plus* (I) interest accruing on the outstanding balance of the Loan in the amount of $1,984.697 daily from and after December 31, 2020, until paid and satisfied in full; (II) interest accruing at the default rate in accordance with the terms of the Loan Documents from and after Maturity of the Loan until the outstanding balance is paid and satisfied in full; (III) fees and charges incurred according to the terms of the Loan Documents from and after December 31, 2020; (IV) attorneys' fees, costs and expenses incurred by Origin in connection with the Loan, Loan Documents, Guaranty Agreement, collateral, liens or security interests securing the obligations owed pursuant to same, and any and all Indebtedness and obligations owed in connection therewith, as

provided by the terms of the Loan Documents and Guaranty, including but not limited to in connection with this action and enforcement or collection of any judgment entered herein, from and after December 31, 2020, until paid and satisfied in full; (V) costs and expenses incurred by Origin as provided by the terms of the Loan Documents and Guaranty; and (VI) interest accruing from and after entry of any judgment by this Court at the Note rate until paid and satisfied in full; and (VII) any other amounts owed pursuant to the terms of the Loan Documents, Guaranty Agreement, and/or applicable law.

## COUNT I

(Against Haven-Starkville)

23. All allegations and assertions of the preceding paragraphs are hereby realleged and incorporated herein by reference for all purposes.

24. Haven-Starkville sought out and obtained the Loan from Origin, entered into and executed the Loan Documents with and for the benefit of Origin, and received the proceeds of the Loan borrowed from Origin as provided by the terms thereof.

25. Haven-Starkville failed to comply with the terms and conditions of the Loan Documents.

26. Haven-Starkville breached the terms of the Loan Documents including the terms and conditions of the Note and Loan Agreement by failing to make all required payments owed under the terms, including payment of all outstanding Indebtedness due and owed to Origin in full upon Maturity of the Loan.

27. Haven-Starkville is in default under the terms of the Loan Documents. The stated Maturity Date has passed and Haven-Starkville's failure to pay and satisfy the

obligations owed to Origin under the Loan Documents constitutes a breach of the Loan Documents, including of the Note and Loan Agreement.

28. Haven-Starkville is obliged by the terms of the Loan Documents to fully repay and satisfy the balance of Indebtedness owed and outstanding to Origin under the terms and conditions of the Loan and Loan Documents.

29. Origin is entitled to have and recover a judgment in its favor and against Haven-Starkville for the full amount of Indebtedness owed under the Loan and pursuant to the terms and conditions of the Loan Documents, including the full balance of Indebtedness outstanding and past due and owed and to become owed plus fees, costs, and expenses (including but not limited to costs of Court incurred in connection with this action).

## COUNT II

(Against All Guarantor Defendants)

30. All allegations and assertions of the preceding paragraphs are hereby realleged and incorporated herein by reference for all purposes.

31. Each Guarantor Defendant agreed by the terms of the Guaranty Agreement to fully repay, satisfy, and discharge all obligations owed and to become owed by Haven-Starkville to Origin under the Loan and terms of the Loan Documents including the full and timely repayment and satisfaction of all Indebtedness owed and to become owed by Haven-Starkville to Origin in connection with the Loan and/or pursuant to the terms of the Loan Documents.

32. The Guarantor Defendants have failed to pay and satisfy the Indebtedness and obligations owed to Origin by Haven-Starkville as required by the terms of the

Guaranty Agreement, which Indebtedness and obligations are past due and owed to Origin in full.

33. The Guarantor Defendants are in default under the terms of the Guaranty Agreement, and have breached the terms of the Guaranty Agreement by failing to comply with the terms and conditions thereof.

34. Origin is entitled to have and recover a judgment in its favor and against the Guarantor Defendants, jointly and severally, for the full balance of Indebtedness outstanding under the Loan and pursuant to the terms and conditions of the Loan Documents, as well as the amounts owed and to become owed pursuant to the terms of the Guaranty Agreement, including the full balance of Indebtedness outstanding and past due and owed and to become owed under the terms of the Loan Documents by Haven-Starkville, the amounts owed and to become owed pursuant to the terms of the Guaranty Agreement, and all fees, costs, and expenses as further provided by the terms thereof (including but not limited to costs of Court incurred in connection with this action).

**WHEREFORE, PREMISES CONSIDERED**, Origin Bank respectfully requests entry of judgment by this Court in its favor and:

A. against Haven-Starkville for the full amount owed and outstanding under the Loan and terms of the Loan Documents, which amount includes $16,260,678.00 as of December 31, 2020, *plus:* (I) interest accruing on the outstanding balance of the Loan in the amount of $1,984.697 daily from and after December 31, 2020, until paid and satisfied in full; (II) attorneys' fees, costs and expenses incurred by Origin in connection with the Loan, Loan Documents, Guaranty Agreement, Property,

Project, and Indebtedness and/or obligations owed pursuant to or in connection with same, from and after December 31, 2020; (III) costs and expenses incurred by Origin as provided by the terms of the Loan Documents and Guaranty from and after December 31, 2020; (IV) costs and expenses of court including those incurred in connection herewith; (V) interest accruing from and after entry of any judgment herein at the Note rate until paid and satisfied in full; and (VI) any other amounts as provided by the terms of the Loan Documents or applicable law; and

B. against the Defendant Guarantors, jointly and severally, for: (i) the full amount owed and outstanding under the Loan and terms of the Loan Documents, which amount includes $16,260,678.00 as of December 31, 2020, *plus:* (I) interest accruing on the outstanding balance of the Loan in the amount of $1,984.697 daily from and after December 31, 2020, until paid and satisfied in full; (II) attorneys' fees, costs and expenses incurred by Origin in connection with the Loan, Loan Documents, Guaranty Agreement, Property, Project, and Indebtedness and/or obligations owed pursuant to or in connection with same, from and after December 31, 2020; (III) costs and expenses incurred by Origin as provided by the terms of the Loan Documents and Guaranty from and after December 31, 2020; (IV) costs and expenses of court including those incurred in connection herewith; (V) interest accruing from and after entry of any judgment herein at the Note rate or maximum amount permitted by applicable law until paid and satisfied in full; and (VI) any other amounts as provided by the terms of the Loan Documents, Guaranty Agreement or applicable law; and (ii) all amounts owed or to become owed pursuant to the terms and conditions of the Guaranty Agreement; and

C. such other and further general, legal and equitable relief to which Origin Bank may be entitled.

THIS the 29th day of January, 2021.

        Respectfully submitted,

        **ORIGIN BANK *f/k/a* COMMUNITY TRUST BANK**

        BY:  */s/ Sarah Beth Wilson*
             Sarah Beth Wilson MB #103650
             Nash E. Gilmore MB #105554
             Phelps Dunbar LLP
             4270 I-55 North
             Jackson, Mississippi 39211
             Telephone: 601 352 2300
             Facsimile: 601 360 9777
             Email: sarah.beth.wilson@phelps.com
             Email: nash.gilmore@phelps.com
             Its Attorneys